# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ETHEL WILLIAMS : CIVIL ACTION
:
v. : NO. 09-3038
:
MICHAEL J. ASTRUE, :
Commissioner of Social Security :

## MEMORANDUM

LOWELL A. REED, Jr., Sr. J                                                      APRIL 27, 2010

       Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 9), defendant's response, and the reply thereto (Doc. Nos. 10 & 11), the court makes the following findings and conclusions:

       1.      On October 4, 2006, Ethel Williams ("Williams") filed for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433; 1381-1383f, alleging an onset date of April 20, 2006. (Tr. 114-122). Throughout the administrative process, including an administrative hearing held on April 15, 2008 before an ALJ, Williams' claims were denied. (Tr. 14-21; 22-48; 64-73). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Williams filed her complaint in this court on July 16, 2009. (Tr. 1-4; Doc. No. 3).

       2.      In his May 21, 2008 decision, the ALJ concluded, *inter alia*, that: (1) Williams had severe impairments consisting of a left shoulder disorder, left leg disorder, low back disorder and obesity; (2) her impairments did not meet or equal a listing; (3) she had the RFC to perform light work with no climbing of ladders, ropes or scaffolds, and no overhead reaching with her left arm; (4) Williams could perform her past work as a demonstrator and as a teacher aide II; and (5) she was not disabled. (Tr. 14 ¶ 5; 16 Findings 3 & 4; 17 Finding 5; 20 Findings 6 & 7; 21 ¶ 2).[1]

       3.      This Court has plenary review of legal issues, but it reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

    4.  Williams raises three arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence.[2] These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

    A.  First, Williams contends that the ALJ erred by failing to give controlling weight to the May 1, 2008 medical source statement from her treating physician, Dr. McGuire, that she had an RFC for less than sedentary work. (Tr. 398-99). I note that the issue of the RFC assessment is reserved for the Commissioner and a physician's opinion thereon is not entitled to any special significance. 20 C.F.R. §§ 404.1527(e); 416.927(e); S.S.R. 96-5p. Regardless, an opinion of a treating physician is only entitled to controlling weight on other issues if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2).

    In his decision, the ALJ explained his rejection of the opinion. (Tr. 19 ¶ 6). The ALJ's first concern revolved around the apparent inconsistency that, while Dr. McGuire now claimed that Williams could not even perform sedentary work, in October 2006 he had released Williams to return to her normal work. (Tr. 303). As noted by the ALJ, Dr. McGuire rationalized his change in position by stating that Williams' condition had waxed and waned over the years and currently she could not work. (Tr. 19 ¶ 6; 303). However, the ALJ concluded that Dr. McGuire's progress notes did not show this kind of deterioration. I have reviewed the notes, and I agree with this assessment. (Tr. 186-97; 368-83). Williams contends that while Dr. McGuire's notes may not show severe deterioration between 2006 and 2008, her physical therapy records do. I have also reviewed the physical therapy records and I conclude that they also do not show this alleged dramatic deterioration. (Tr. 212-44; 254-77; 320-49; 384; 388-94). The ALJ further concluded that Dr. McGuire's May 1, 2008 statement conflicted with: (1) the December 12, 2006 report of Dr. Dawson, an independent medical evaluator, who opined that Williams was an essentially normal 51 year old and could resume her regular occupation without restriction; and (2) Williams' own testimony that she could, *inter alia*, lift twenty to

---

[2] Williams withdrew her fourth argument, that the demonstrator work was not substantial gainful employment, as it was premised on incorrect information. (Doc. 11, pg. 1). Williams further acknowledged that her fifth argument, that the ALJ failed to consider an April 25, 2008 letter from the Public School Employees' Retirement System approving one year of disability benefits, was weak. (Id.). I agree and find no merit to the argument. The letter was not faxed to the ALJ until May 21, 2008, the day his opinion was issued and Williams provides no reason for its late submission. See Matthews v. Apfel, 239 F3d. 589 (3d Cir. 2001) (finding that in order to submit evidence after the ALJ's decision has been issued, a plaintiff must establish good cause). Moreover, the letter provides that Williams can work while on disability but may not work in a Pennsylvania public school. (Tr. 9). Thus, it has very little bearing on a Social Security disability decision. See 42 U.S.C. § 423(d)(1)(A). Finally, even if the letter established that Williams could not perform her past work as a teacher's aide, she would still be able to perform her past work as a demonstrator. For these reasons, this argument lacks merit.

thirty pounds, walk one and a half hours at a time, stand two hours at a time, and that she performed aerobic exercise three times per day. (Tr. 19 ¶ 6; 33-40; 246-49). The ALJ bolstered his decision by noting the objective medical evidence in the form of EMG and radiology reports indicated normal to fairly mild findings. (Tr. 18 ¶¶ 3-5, 9; 185; 192-94; 245; 293-94). Finally, the ALJ reported, in connection with his decision to discount Dr. McGuire's assessment, that on March 14, 2007, a state agency physician concluded that Williams could perform light work, and on October 10, 2007, Dr. Leatherwood, a treating orthopedist, concluded that she had made significant improvement and would return to normal activities after she finished her therapy. (Tr. 19 ¶¶ 1-2; 350-55; 357-62). A review of the evidence shows that the decision of the ALJ to reject Dr. McGuire's May 1, 2008 opinion was supported by substantial evidence which contradicts this report. Therefore, the claim must fail.

        B.      Second, Williams argues that the ALJ failed to give her testimony the weight it deserved. "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003). The ALJ noted the testimony and the evidence outlined above, and concluded that Williams' complaints, like McGuire's May 1, 2008 opinion, were not fully supported thereby. (Tr. 17 ¶ 6 - 20 ¶ 1). A more detailed account of the ALJ's credibility analysis would have been ideal, however, I find that the ALJ's discussion was legally adequate. After reviewing the record, I also conclude that the credibility assessment of the ALJ is supported by substantial evidence. Therefore, this claim must also fail.

        C.      Third, Williams alleges that the ALJ failed to adequately explain his reasoning behind his RFC assessment. I disagree. In support of his RFC assessment, the ALJ relied heavily on Williams' own testimony regarding her physical abilities and the state agency's assessment. (Tr. 17 Finding 5; 17 ¶¶ 3-6; 19 ¶ 1; 33-40; 350-55). The ALJ also discussed, in support of his RFC assessment, the remainder of the opinion and objective evidence, much of which has been summarized above. (Tr. 18 ¶ 3- 20 ¶ 1). Williams seems concerned that no single source provided the same RFC assessment as the one ultimately divined by the ALJ or that some sources provided no RFC assessment at all. As noted above, the final responsibility for determining a plaintiff's RFC lies with the Commissioner. 20 C.F.R. §§ 404.1527(e)(2); 416.927(e)(2); S.S.R. 96-5p. The ALJ must sift through all of the evidence, synthesize it based on his or her experience and knowledge and, ultimately, discern an RFC assessment based thereon. 20 C.F.R. §§ 404.1545; 416.945; S.S.R. 96-8p. I find it admirable that the ALJ's RFC determination is not simply a wholesale replication of one given source. After reviewing the record evidence, I conclude that the ALJ discharged his duty under S.S.R. 96-8p to properly support his RFC assessment. Therefore, this contention must fail.

        5.      After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that Williams was not disabled was legally sufficient and supported by substantial evidence. As a result, Williams' request for relief must be denied and the decision must be affirmed.

        An appropriate Order follows.